UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

*RECEIVED AND FILED*
*MAY 29 10 20 AM '01*
*LANCE S. WILSON CLERK*
*BY ___ DEPUTY*

*ENTERED AND SERVED*
*MAY 29 2001*
*CLERK, U.S. DISTRICT COURT*
*DISTRICT OF NEVADA*
*BY ___*

| | |
|---|---|
| GEORGE MAY<br><br>    Plaintiff,<br><br>vs.<br><br>ROGER L. HUNT ETC.<br><br>    Defendant, | CV-S-00-760-KJD<br>CV-S-00-1227-KJD(PAL)<br>CV-S-00-1228-KJD(PAL)<br><br>**ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE HELD CONTEMPT FOR VIOLATION OF THE COURT'S PREVIOUS ORDERS** |
| GEORGE MAY<br><br>    Plaintiff,<br><br>vs.<br><br>CIRCUS CIRCUS ENTERPRISES INC. ET AL<br><br>    Defendants, | CV-S-96-463-KJD |
| GEORGE MAY<br><br>    Plaintiff,<br><br>vs.<br><br>CIRCUS CIRCUS ENTERPRISES, INC.<br><br>    Defendant, | CV-S-98-651-KJD(LRL) |
| GEORGE MAY<br><br>    Plaintiff,<br><br>vs.<br><br>INTERNATIONAL GAME TECHNOLOGY, INC. ET AL<br><br>    Defendant, | CV-S-98-652-KJD(PAL) |

12

| | |
|---|---|
| GEORGE MAY<br><br>Plaintiff,<br><br>vs.<br><br>CIRCUS CIRCUS ENTERPRISES ETC. ET AL<br><br>Defendant, | CV-S-98-1322-KJD(LRL) |
| GEORGE MAY,<br><br>Plaintiff,<br><br>vs.<br><br>MARK G. TRATO'S CIRCUS CIRCUS ENTERPRISES, INC. ET AL<br><br>Defendant, | CV-S-00-760-KJD(RJJ) |

This matter has come before the Court on CV-S-00-1227-KJD(PAL) and CV-S-00-1228-KJD(PAL), in which the Plaintiff has sued Judge Roger L. Hunt. The allegations contained in the respective complaints relate to the previous litigations against Circus Circus and others that have been dismissed by various judges of this Court.

On May 13, 1997, Senior Judge Edward C. Reed, Jr. entered an order (#21) in CV-S-96-463-ECR(now KJD) granting Defendant's Motion to dismiss and dismissed the matter with prejudice. Judge Reed further ordered that "Plaintiff is **HEREBY ENJOINED** from filing any further pleadings, motions or other papers in this action without prior leave of the court." Doc. #21, page one in CV-S-96-463-ECR. On page two of the same document, Judge Reed **ENJOINED** Plaintiff from commencing any other action against Defendants grounded in the alleged theft, piracy, misappropriation or misuse by Defendants of Plaintiff's pyramid-shaped hotel concept and ordered that Plaintiff's failure to adhere to the court's instruction may subject Plaintiff to citation for contempt and to other sanctions.

Plaintiff violated Judge Reed's order by filing CV-S-98-651-JBR(LRL) against Circus Circus. Judge Rawlinson, quoting Judge Reed's Order cited above, dismissed CV-S-98-651-JBR(LRL) with prejudice. Plaintiff sued Circus Circus again in 1998,

CV-S-98-1322-RLH(LRL). Judge Roger L. Hunt's order (#72) in CV-S-98-1322-RLH(LRL) ordered all documents filed in that case stricken and returned to Plaintiff. Judge Hunt **"FURTHER ORDERED** that for each document hereafter filed by Plaintiff, which does not constitute a lawful appellate document, Plaintiff is hereby sanctioned in the amount of $1,000.00, due and payable to the Clerk of Court within thirty (30) days of the date of filing of such document." Doc. #72, page 2, lines 1 through 5. In 2000, Plaintiff filed a suit entitled George May vs. Mark G. Trato's Circus Circus Enterprises, CV-S-00-0760-RLH(RJJ). Judge Hunt ordered the striking of documents in that case and dismissed the matter.

In October of 2000, Plaintiff filed the instant cases, CV-S-00-1227-KJD(LRL) and CV-S-00-1228-KJD(LRL), against Circus Circus Enterprises, Inc., Ramparts, Inc., Mandalay Resort Group, Inc. and Roger L. Hunt. The complaints against Judge Hunt are brought because of the Court's orders in the previous cases. In CV-S-98-1322-KJD(LRL), counsel for Mandalay Resort Group (formerly Circus Circus Enterprises, Inc.) has moved for an order to show cause why Plaintiff should not be held in contempt.(#80)

**IT IS ORDERED** that Plaintiff show cause why he should not be held in contempt and why sanctions should not be imposed for Plaintiff's continuing violations of the prior orders of this Court relating to the filing of documents. The hearing on this order to show cause is set for Wednesday June 6, 2001 at the hour of 9:00am. Plaintiff's failure to attend will result in the issuance of a warrant for his arrest and entry of sanctions against him including, but not limited to, dismissal of Plaintiff's complaint, an order that the clerk of this court not accept for filing any papers other than lawful appellate documents and an order levying fees, costs and other monetary penalties.

Dated this 29xc of May, 2001.

KENT J. DAWSON, U.S. DISTRICT JUDGE

3